IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTIONE HAWKINS, #314215, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-01271-JPG |
| ) | |
| ST. CLAIR COUNTY JAIL, ) | |
| OFFICER WILLIAMS, ) | |
| OFFICER FUTREL, ) | |
| OFFICER GERMAINE, ) | |
| and ST. CLAIR COUNTY SHERIFF, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Antione Hawkins, an inmate who is currently detained at St. Clair County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his detention at the Jail. (Doc. 1). In the Complaint, Plaintiff claims that he was attacked by an unknown sergeant and three officers (Germaine, Futrel, and Williams) at the Jail on July 12, 2021. (*Id*. at 6, 8-12). Several hours after seeking legal assistance, Plaintiff was ordered to exit his cell, thrown against a wall, and shoved to the floor. The officers punched and kicked him in the face and twisted his ankle into an unnatural position. Plaintiff was then taken to the infirmary, where his ankle was x-rayed and his injuries were treated. (*Id*.). Plaintiff seeks money damages against the defendants for the use of excessive force against him that violated his rights under the Fourteenth or Eighth Amendment. (*Id*. at 7).

The Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief,

1

or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations, the Court finds it convenient to designate the following claim in the *pro se* Complaint:

> **Count 1:** Fourteenth or Eighth Amendment claim against Defendants for subjecting Plaintiff to the unauthorized use of force at St. Clair County Jail on or around July 12, 2021.

**Any claim in the Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

Count 1 survives screening against Officers Germaine, Futrel, and Williams under the Fourteenth and Eighth Amendments. The applicable legal standard depends on Plaintiff's status as a pretrial detainee or convicted person when his claims arose. In order to bring an excessive force claim under the Fourteenth Amendment Due Process Clause, a pretrial detainee must only show that the force that was knowingly or recklessly used against him was also objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). In order to pursue this claim under the Eighth Amendment Cruel and Unusual Punishment Clause, a convicted person must show that force was applied "maliciously and sadistically." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). The allegations suggest that all three of these defendants allowed or used unauthorized force against Plaintiff, in violation of his rights under the Fourteenth and Eighth Amendments, so Count 1 shall receive further review against them. The applicable legal standard can be sorted out as the case proceeds.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

However, St. Clair County Jail and sheriff shall be dismissed from this action. Plaintiff names both as defendants, but he sets forth no allegations against either one. The Jail is not a "person" subject to suit for money damages under 42 U.S.C. § 1983, and the sheriff cannot be sued for the misconduct of his or her subordinates because the doctrine of *respondeat superior* does not apply to Section 1983 claims. Liability requires personal involvement in or responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009). The Jail shall be dismissed with prejudice, and the sheriff shall be dismissed without prejudice because the allegations support no claim against either one.

### Pending Motion

The Motion for Recruitment of Counsel (Doc. 2) is **DENIED** without prejudice, based on Plaintiff's failure to disclose any efforts to locate counsel on his own before seeking the court's help and his lack of any impediments to self-representation in this matter. He may renew this request by filing a new motion as the case proceeds, if he can show reasonable efforts to find counsel on his own and demonstrate an inability to represent himself.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening. **COUNT 1** will proceed against Defendants **GERMAINE, FUTREL,** and **WILLIAMS**.

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against Defendant **ST. CLAIR COUNTY JAIL** and **DISMISSED** without prejudice against Defendant **ST. CLAIR COUNTY SHERIFF** for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **ST. CLAIR COUNTY JAIL** and **ST. CLAIR COUNTY SHERIFF** as a parties in CM/ECF.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **GERMAINE, FUTREL,** and **WILLIAMS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a

Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply under 42 U.S.C. § 1997e(g).  **<u>Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order</u>**.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his

whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/4/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.